## STATE OF INDIANA *a.* WORAM.

*Supreme Court, First District; At Chambers, March,* 1862.

MOTION TO SET ASIDE DISCONTINUANCE.—BANKRUPT DISCHARGE. —FRAUD.—LAPSE OF TIME.—LACHES.—DEATH OF WITNESSES.

On motion to set aside a discontinuance, entered by consent eighteen years before, after a plea of discharge in bankruptcy ;—*Held*, that the motion must be denied. 1. In analogy to the Statute of Limitations, on account of the great lapse of time. 2. For want of due diligence in ascertaining the facts on which plaintiffs could rely to defeat the discharge. 3. Because nearly all the material witnesses for the defendant were dead since the discontinuance. .

Motion to set aside a discontinuance.

---

* Present, BOSWORTH, Ch. J., MONCRIEF, ROBERTSON, WHITE, BARBOUR, and MONELL, JJ.

This action was brought by the State of Indiana against William Woram, Edw. V. Haughwout, William A. Swain, John H. Smith, Jacob Bodine, John Totten, Sen., and Richard D. Little, to set aside certain conveyances by Haughwout of real estate, in Richmond county. The other facts are sufficiently stated in the opinion.

*John M. Buckingham,* for the motion.

*Hull & Conable,* opposed.

INGRAHAM, P. J.—This action was brought in 1842. In 1843 the defendant was discharged under the Bankrupt Act. After such discharge, the same was set up by plea, and the plaintiffs entered a *nolle prosequi* as to these defendants in the year 1844. Nothing has been done from that time to the making of this motion in the action. The plaintiffs now move to set aside such discontinuance, and to permit them to come in and set up various matters against the validity of the bankrupt proceedings, and to prosecute the action against the defendants so discharged.

Most of the supposed acts of fraud are so explained by the affidavits as to satisfy me that they are rather matters of imagination than of reality. No doubt, on the documentary evidence, one might be led to suppose that the conveyances were intended as a cover for the use of the debtor, but after an examination of these affidavits, I am led to doubt whether any such intent ever existed. I do not, however, deem it necessary to examine each of these charges in detail. There are other motives which must, I think, control in the disposition of this case.

1st. I think the lapse of time is so great, that such a motion, under ordinary circumstances, ought not to be granted. The law wisely sets a limit to the time within which actions can be prosecuted. That time has, in the present case, extended far beyond the limit prescribed by law. If this action had not been commenced, the lapse of time would long ere this have been a bar to any prosecution. The plaintiffs should not be aided in doing what, under other circumstances, the law would not allow.

2d. The plaintiffs do not show due diligence on their part.

The documentary evidence was all in existence when the discontinuance was entered. A proper examination of the papers at the time would have shown the material facts now relied on, or sufficient to have put them on inquiry. Instead of that, they permitted the bankrupt proceedings to progress to completion, without opposition, and without examination; and after the discharge was pleaded, and after having waited a year after the discharge, they voluntarily discontinued the action as to these defendants. They have not used due diligence in the first instance, and it is now too late for them to ask to be relieved from the consequences of their own laches.

3d. Another reason why this motion should not be granted is, that all, or nearly all, of the persons who are charged to have been participators in the frauds, are dead; and by the delay, and by the acts of the plaintiffs in the discontinuance, the defendants are deprived of the persons who alone could give the necessary explanations of the transactions charged to be fraudulent.

There are other reasons which might be mentioned why the motion now made should not be granted. Those above referred to are, in my judgment, amply sufficient to warrant the denial of the motion.

Motion denied.